**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Derick M. C.,

Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security,

Defendant.

Case No. 2:26-cv-00189-NJK

**Order**

[Docket No. 9]

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Pending before the Court is Plaintiff's opening brief seeking reversal and remand. Docket No. 9. The Commissioner filed a responsive brief in opposition. Docket No. 11. No reply was filed. *See* Docket. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 3-4.

## I. STANDARDS

### A. Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). The claimant must also meet insurance requirements. 20 C.F.R. § 404.130. The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work

activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity ("RFC"), which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

A. Procedural History

On July 5, 2023, Plaintiff filed an application for disability insurance benefits with an alleged onset date of May 30, 2021. *See,* Administrative Record ("A.R.") 22, 207-213. On January 6, 2024, Plaintiff's application was denied initially. A.R. 70, 91-96. On July 8, 2024, Plaintiff's claim was denied on reconsideration. A.R. 105-107. On September 2, 2024, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 108. On August 28, 2025, Plaintiff and a vocational expert appeared for a hearing before ALJ Michael Scurry. A.R. 44-69. On September 28, 2025, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 22-36. On December 4, 2025, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied

Plaintiff's request for review. A.R. 1-6. On January 27, 2026, Plaintiff commenced this suit for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process. A.R. 22-36. At step one, the ALJ found that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date. A.R. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, obesity, obstructive sleep apnea ("OSA"), and migraine headaches. A.R. 24-27. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 27-29. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ladders, ropes, and scaffolding. He can occasionally balance, stoop, kneel, and crawl. He can frequently climb ramps and stairs. He can frequently crouch. He can frequently reach overhead with the bilateral upper extremities. He can occasionally work in proximity to moving mechanical parts.

A.R. 29-34. At step four, the ALJ found Plaintiff was able to perform his past relevant work as an operations manager as the work does not require the performance of work-related activities precluded by the claimant's RFC. A.R. 34-35. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC. A.R. 34-36. In so doing, the ALJ defined Plaintiff as a younger individual aged 18-49 with at least a high school education. A.R. 35. The ALJ found the transferability of job skills to be immaterial. A.R. 35. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a merchandise maker, mailroom clerk, and routing clerk. A.R. 35-36. Based on these findings, the ALJ found Plaintiff not disabled since the alleged onset date. A.R. 36.

## III. ANALYSIS

Plaintiff raises two arguments on appeal: (1) that the ALJ erred in finding that Plaintiff did not have severe mental impairments of depression, alcohol use/abuse, and PTSD; and (2) that the ALJ erred in assessing Plaintiff's RFC by failing to consider all mentally determinable impairments. Docket No. 9 at 5-15.

### A. Severity of Plaintiff's Mental Impairments

Plaintiff submits that the ALJ erred by not identifying his mental impairments as severe in step two of the five-step analysis. Docket No. 9 at 5-14. Plaintiff submits that his alleged depression and anxiety, described as moderate in the medical record, constitutes at least a *de minimis* showing of a non-minimal limitation, sufficient to survive a step-two analysis. *Id.* at 13 (citing A.R. 1002, 1517, 1717).

The Commissioner submits that the ALJ did not err in finding that Plaintiff's mental impairments were not severe because the ALJ appropriately found no more than a mild limitation in all four broad areas of mental functioning, known as the paragraph B criteria. Docket No. 11 at 5-7. The Commissioner further submits that Plaintiff's argument lacks evidentiary support because it incorrectly relies on non-objective self-assessments, decisions made by other governmental agencies, and the existence of impairment without citing specific limitations to demonstrate disability. *Id.* 5-6. Finally, the Commissioner submits that, even if the ALJ erred with respect to his step two analysis, such error would be harmless because he incorporated Plaintiff's mental impairments in his RFC analysis. *Id.* at 6-7. The Commissioner has the better argument.

Step two of the five-step sequential evaluation process establishes a *de minimis* threshold for determining whether a medically determinable impairment or combination of impairments is severe. *Smolen*, 80 F.3d at 1290.

The Ninth Circuit has held that the Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (*quoting Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

1055 (9th Cir. 2006)); *see also Burch*, 400 F.3d 676, 679 (9th Cir. 2005). It is the Plaintiff's burden to establish the harmfulness of error. *See, e.g.*, *Ludwig v. Astrue*, 681 F.3d 1047 1054 (9th Cir. 2012) (discussing *Shinseki v. Sanders,* 556 U.S. 396 (2009)). Simply arguing that the ALJ erred in crafting the RFC is insufficient to establish harmful error; the claimant must explain why the alleged error impacted the ultimate non-disability determination. *See Myers v. King*, Case No. 3:24-cv-00299-CLB, 2025 WL 456943, at *5 (D. Nev. Feb. 10, 2025); *see also, e.g.*, *Valenna v. Colvin*, Case No. C15-1498-RAJ-JPD, 2016 WL 4367600, at *6 (W.D. Wash. June 15, 2016), *adopted*, 2016 WL 4263047 (W.D. Wash. Aug. 12, 2016).

An ALJ must account for the functional limitations caused by even non-severe impairments when formulating the RFC finding. *See* 20 C.F.R. §§ 404.1523, 404.1545(a)(2) (requiring adjudicators to consider the functional effects of even non-severe impairments when formulating the RFC finding); SSR 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184, *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). An error of finding an impairment to be non-severe is harmless when the impairment is considered by the ALJ in determining the RFC. *See Higgins v. Kijakazi*, 2021 U.S. Dist. LEXIS 186690, *15 (D. Nev. 2021).

Plaintiff's claim survived step two because of Plaintiff's physical impairments, so the ALJ determined Plaintiff's RFC. *See* A.R. 24-34. When determining Plaintiff's RFC, as discussed below, the Court finds that the ALJ properly considered Plaintiff's mental impairments. Thus, the Court need not address if the ALJ erred in finding that Plaintiff's mental impairments were not severe because any error would be harmless to the RFC determination and ultimate nondisability determination.

B. Determination of Plaintiff's Residual Functional Capacity

Plaintiff submits that the ALJ erred in assessing his RFC by failing to consider his mentally determinable impairments. Docket No. 9 at 14-19. The Commissioner submits that the ALJ did not err because he properly considered Plaintiff's mental impairments and determined that they caused no RFC restrictions. Docket No. 11 at 8-12. The Commissioner submits that a notation of the RFC reflecting the paragraph B analysis done in step two sufficiently supports the ALJ's

finding of the RFC. Docket No. 11 at 8-9. The Commissioner further submits that the ALJ provided a thorough analysis of the mental health evidence in the record to support the RFC. *Id.* at 9-12. The Commissioner has the better argument.

"The nature of the ALJ's responsibility is to interpret the evidence of record, including medical evidence." *Jaime v. Kijakazi*, Case No. 1:21-cv-01672-SKO, 2023 WL 2466196, at * 7 (E.D. Cal. Mar. 10, 2023) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "It is clear that it is the responsibility of the ALJ . . . to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *see also* 20 C.F.R. § 404.1546(c). Hence, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The RFC is "based on *all* the relevant evidence" in the record. 20 C.F.R. § 404.1545(a)(1) (emphasis added); *accord Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017).

The ALJ considered Plaintiff's alleged symptoms, performance in daily activities, and medical opinions when determining the effect of Plaintiff's alleged mental limitations on his RFC. A.R. 29-34. The ALJ acknowledged that Plaintiff self-identified that he has depression, is irritable, has mood swings, and isolates from others. A.R. 29-31. The ALJ also acknowledged that Plaintiff's spouse stated that Plaintiff is irritable, easily agitated, and has not been able to handle stress well for the past few years. A.R. 31. However, the ALJ found that the limiting effects of Plaintiff's mental illnesses are not consistent with the medical evidence and his daily activities. A.R. 31. The ALJ specifically noted that the record shows a mild mental status examination finding with sporadic mental health treatment. A.R. 31. The ALJ also noted that Plaintiff is able to perform daily activities, including handling his personal care, preparing meals, driving, counting change, handling bank accounts, and having hobbies. A.R. 31. The ALJ found that this evidence caused him to believe that Plaintiff's mental impairments are not as severe as he alleged.

The ALJ also found a licensed clinical social worker's opinion not persuasive. A.R. 34. The ALJ discussed the social worker's opinion that Plaintiff self-medicates with alcohol and has a difficult time functioning outside of the house. A.R. 34. However, the ALJ found this opinion not supported by the evidence of Plaintiff's ability to perform his daily activities and his ability to

successfully get his MBA. A.R. 34. Thus, the Court finds that the ALJ considered Plaintiff's mental impairments and Plaintiff's argument to the contrary fails.

The Court finds that the ALJ considered Plaintiff's mental limitations when determining the RFC, as the ALJ discussed Plaintiff's alleged symptoms and daily activities, as well as the medical opinions presented. Thus, Plaintiff fails to demonstrate that the ALJ erred, much less that any error was harmful.

## IV. CONCLUSION

The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: October 29, 2026

Nancy J. Koppe
United States Magistrate Judge